```
                  IN THE UNITED STATES DISTRICT COURT

                       FOR THE DISTRICT OF OREGON

YOUNG WU,                                    Civ. No. 05-1226-HO

               Plaintiff,                    ORDER

     v.

Commissioner of Social Security,

               Defendant.
```

Plaintiff seeks review of the decision of the Commissioner denying her application for supplemental security income benefits. For the reasons discussed below, the decision of the Commissioner is reversed and this matter is remanded to the Commissioner for further proceedings.

## Background

Plaintiff filed her application on July 21, 1995. She alleged disability since July 1, 1994 resulting from brain damage, headache, amnesia and pain. (Tr. 132, 141). On September 14, 2001, the Appeals Council vacated a January 21, 1999 administrative law judge (ALJ) decision and remanded the

case to the ALJ to evaluate and state the weight given to medical opinions. (Tr. 110-112). On April 29, 2003, plaintiff filed a complaint in this court for review of a second unfavorable ALJ decision issued April 25, 2002. Based on the stipulation of the parties, the court remanded the Commissioner's decision for the ALJ to further evaluate medical opinions. (Tr. 494). In the third ALJ decision related to this application, an ALJ on June 3, 2004 found plaintiff not disabled based on his finding that plaintiff's work activity constitutes substantial gainful activity within the meaning of 20 C.F.R. §§ 416.974 and 416.975.

## Discussion

Plaintiff argues that the ALJ improperly reexamined an issue previously decided in her favor and ignored her earnings records, which she contends conclusively establish her income under Social Security Administration regulations. Plaintiff seeks a remand for the ALJ to apply the five-step evaluation process and determine if plaintiff should be found disabled, and an order barring the Commissioner from appearing as a litigant for her failure to follow the previous remand order.

The ALJ may question a fully favorable determination. 20 C.F.R. § 416.1446(a). When the ALJ does so, the ALJ will provide notice and consider the issue at the hearing. Id. The notice regarding the hearing that preceded the decision challenged in this case states that the issues in the ALJ's decision-making

process concern, <u>inter alia</u>, "any work you have done since you got sick[.]"  (Tr. 491).  The hearing transcript indicates that the ALJ considered the issue of work performed by plaintiff since her alleged onset date.  (Tr. 534-57).  The ALJ was not prohibited from considering SGA by this regulation, or by the previous remand order.  (Tr. 484-85).

The ALJ's language indicates that he employed "test one" of the three tests used to determine whether self-employed persons are engaged in SGA.  <u>Compare</u> (Tr. 22) (an individual is engaged in SGA if the individual "renders services that are significant . . . and receives a substantial income . . ."), <u>with</u> 20 C.F.R. § 416.975(a)(1).[1]  Neither the ALJ's decision nor the Commissioner's brief discuss or point to evidence demonstrating that plaintiff rendered significant services as defined in Section 416.975(b)(1),[2] or that plaintiff received substantial

---

[1] Test One: You have engaged in substantial gainful activity if you render services that are significant to the operation of the business and receive a substantial income from the business.  Paragraphs (b) and (c) of this section explain what we mean by significant services and substantial income for purposes of this test.

20 C.F.R. § 419.975(a)(1).

[2] If you are not a farm landlord and you operate a business entirely by yourself, any services that you render are significant to the business.  If your business involves the services of more than one person, we will consider you to be rendering significant services if you contribute more than half the total time required for the management of the business, or

3 - ORDER

income as defined in Section 416.975(c).[3]  The Commissioner's

---

> you render management services for more than 45 hours a month regardless of the total management time required by the business.

20 C.F.R. § 416.975(b)(1).

> [3]What we mean by substantial income.  We deduct your normal business expenses from your gross income to determine net income.  Once net income is determined, we deduct the reasonable value of any significant amount of unpaid help furnished by your spouse, children, or others.  Miscellaneous duties that ordinarily would not have commercial value would not be considered significant.  We deduct impairment-related work expenses that have not already been deducted in determining your net income.  Impairment-related work expenses are explained in § 416.976.  We deduct unincurred business expenses paid for you by another individual or agency.  An unincurred business expense occurs when a sponsoring agency or another person incurs responsibility for the payment of certain business expenses, e.g., rent, utilities, or purchases and repair of equipment, or provides you with equipment, stock, or other material for the operation of your business.  We deduct soil bank payments if they were included as farm income.  That part of your income remaining after we have made all applicable deductions represents the actual value of work performed.  The resulting amount is the amount we use to determine if you have done substantial gainful activity.  We will generally average your income for comparison with the earnings guidelines in §§ 416.974(b)(2) and 416.974(b)(3).  See § 416.974a for our rules on averaging of earnings.  We will consider this amount to be substantial if--
> (1) It averages more than the amounts described in § 416.974(b)(2); or
> (2) It averages less than the amounts described in § 416.974(b)(2) but it is either comparable to what it was before you became seriously impaired if we had not considered your earnings or is comparable to that of unimpaired self-employed persons in your community who are in the same or a similar business as their means of livelihood.

4 - ORDER

decision is not supported by substantial evidence.

Although it is not pleased to do so, the court again remands this eleven-year old application for further proceedings. The Appeals Council shall remand this case to the ALJ to reconsider whether plaintiff is engaged in substantial gainful activity, and if not, to comply with the remand order filed February 6, 2004 in Wu v. Barnhart, Civ. No. 03-562-BR (D. Or.) (Tr. 484-85). See 20 C.F.R. § 416.920(a)(4)(i), (b).

## Conclusion

Based on the foregoing, the decision of the Commissioner is reversed. This matter is remanded to the Commissioner for further proceedings.

IT IS SO ORDERED.

DATED this  23rd  day of June, 2006.

                                                 s/ Michael R. Hogan
                                             United States District Judge

---

20 C.F.R. § 416.975(c).